UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| LEO JENKINS, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | No. _____ |
| v. | § § | |
| GRADIANT ENERGY SERVICES, INC., | § § § § | |
| Defendant. | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Leo Jenkins (referred to as "Plaintiff" or "Jenkins") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant Gradiant Energy Services, Inc. (referred to as "Defendant" or "Gradiant Energy Services").  In support thereof, he would respectfully show the Court as follows:

### I.  Nature of Suit

1.    Plaintiff's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2.    The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and

general well-being of workers … ." 29 U.S.C. § 202(a).  To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3.      Gradiant Energy Services violated the FLSA by employing Plaintiff and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4.      Gradiant Energy Services violated the FLSA by failing to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5.      Plaintiff brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6.      The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7.      Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because Gradiant Energy Services, Inc. resides in the Midland/Odessa Division of the Western District of Texas and/or a substantial part of the events or

omissions giving rise to Plaintiff's claims occurred in the Midland/Odessa Division of the Western District of Texas.

### III.  Parties

8.     Leo Jenkins is an individual who resides in Ector County, Texas and who was employed by Gradiant Energy Services during the last three years.

9.     Gradiant Energy Services, Inc. is a Massachusetts corporation that may be served with process by serving its registered agent: Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.  Alternatively, if the registered agent of Gradiant Energy Services, Inc. cannot with reasonable diligence be found at the company's registered office, Gradiant Energy Services, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10.    Whenever it is alleged that Gradiant Energy Services committed any act or omission, it is meant that company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Gradiant Energy Services or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

11.     According to its website[1], Gradiant Energy Services is an oilfield services company providing water treatment services; it does business in the territorial jurisdiction of this Court.

12.     Gradiant Energy Services employed Plaintiff as an operator from approximately October 2018 to November 2018.

13.     During Plaintiff's employment with Gradiant Energy Services, he was responsible for testing and treating the water in oil and gas operations at the well site.

14.     Plaintiff's primary duties did not include office or nonmanual work.

15.     Plaintiff's primary duties were not directly related to the management or general business operations of Defendant or its customers.

16.     Plaintiff's duties did not differ substantially from the duties of traditionally nonexempt hourly employees.

17.     During Plaintiff's employment with Gradiant Energy Services, he was engaged in commerce or the production of goods for commerce.

18.     During Plaintiff's employment with Gradiant Energy Services, the company had employees engaged in commerce or in the production of goods for commerce.

---

[1] www.gradiantenergyservices.com (last visited November 27, 2018)

19.     During Plaintiff's employment with Gradiant Energy Services, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

20.     During Plaintiff's employment with Gradiant Energy Services, the company had an annual gross volume of sales made or business done of at least $500,000.

21.     Gradiant Energy Services paid Plaintiff on an hourly basis.

22.     During Plaintiff's employment with Gradiant Energy Services, he regularly worked in excess of forty hours per week.

23.     Gradiant Energy Services knew or reasonably should have known that Plaintiff worked in excess of forty hours per week.

24.     Gradiant Energy Services did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed."  29 U.S.C. § 207(a)(1).

25.     Instead, Gradiant Energy Services manipulated Plaintiff's time records to reflect fewer hours than he actually worked.

26.     In other words, Gradiant Energy Services paid did not only fail to pay Plaintiff the entirety of his regular wages, but also failed to pay Plaintiff overtime at one and one-half times the regular rate at which he was employed in violation of the FLSA.

27.     Gradiant Energy Services knew or reasonably should have known that Plaintiff was not exempt from the overtime provisions of the FLSA.

28.     Gradiant Energy Services failed to maintain accurate time and pay records for Plaintiff as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

29.     Gradiant Energy Services knew or showed a reckless disregard for whether its pay practices violated the FLSA.

30.     Gradiant Energy Services is liable to Plaintiff for his unpaid regular and overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

31.     All operators employed by Gradiant Energy Services are similarly situated to Plaintiff because they (1) have similar job duties; (2) had their time records manipulated to reflect fewer hours than they worked; (3) regularly work in excess of forty hours per week; (4) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (5) are entitled to recover their unpaid regular and overtime wages, liquidated damages and attorneys' fees and costs from Gradiant Energy Services pursuant to 29 U.S.C. § 216(b).

**V.  Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)**

32.     Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

33.     During Plaintiff's employment with Gradiant Energy Services, he was a nonexempt employee.

34.     As a nonexempt employee, Gradiant Energy Services was legally obligated to pay Plaintiff "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

35.     Gradiant Energy Services did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed."  29 U.S.C. § 207(a)(1).

36.     Instead, Gradiant Energy Services manipulated Plaintiff's time records to reflect fewer hours worked per week resulting in Plaintiff being paid at less than one and one-half times his regular rate for the hours he worked over forty in a workweek.

37.     If Gradiant Energy Services classified Plaintiff as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

38.     Gradiant Energy Services knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA.  In other words, Gradiant Energy Services willfully violated the overtime requirements of the FLSA.

## VI.  Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

39.     Plaintiff adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

40. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

41. In addition to the pay violations of the FLSA described above, Gradiant Energy Services also failed to keep proper time and pay records as required by the FLSA.

### VII.  Count Three—Collective Action Allegations

42. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

43. On information and belief, other employees have been victimized by Gradiant Energy Services' violations of the FLSA identified above.

44. These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied the entirety of their regular wages and denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

45. Gradiant Energy Services' policy or practice of failing to pay the entirety of employees' regular wages and failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

46. Since, on information and belief, Plaintiff's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

- 8 -

47.     All operators employed by Gradient Energy Services, regardless of their rates of pay, that have time records were manipulated to reflect fewer hours worked and paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The Class is therefore properly defined as:

> All operators and any other employee employed by Gradient Energy Services, Inc. during the last three years not paid all of their regular and overtime wages.

48.     Gradient Energy Services is liable to Plaintiff and the other operators for the difference between what it actually paid them and what it was legally obligated to pay them.

49.     Because Gradient Energy Services knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Plaintiff and the other operators their unpaid regular and overtime wages for at least the last three years.

50.     Gradient Energy Services is liable to Plaintiff and the other operators in an amount equal to their unpaid regular and overtime wages as liquidated damages.

51.     Gradient Energy Services is liable to Plaintiff and the other operators for their reasonable attorneys' fees and costs.

52.     Plaintiff has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Prayer

53.     Plaintiff prays for the following relief:

    a.  an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

    b.  judgment awarding Plaintiff and all other operators all unpaid regular and overtime compensation, liquidated damages, attorneys' fees and costs;

    c.  postjudgment interest at the applicable rate;

    d.  incentive awards for any class representative(s); and

    e.  all such other and further relief to which Plaintiff and the other operators may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: _Melissa Moore_ _____

Melissa Moore
State Bar No. 24013189
Curt Hesse
State Bar No. 24065414
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Bridget Davidson
State Bar No. 24096858
MOORE & ASSOCIATES
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739